**Ritha MYRTHIL, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General.**

**No. 08–3277–ag.**

United States Court of Appeals, Second Circuit.

July 2, 2009.

Justin Conlon, North Haven, CT, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. ROBERT D. SACK, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Ritha Myrthil, a native and citizen of Haiti, seeks review of a June 6, 2008 order of the BIA affirming the November 13, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ritha Myrthil*, No. A 98 374 845 (B.I.A. June 6, 2008), *aff'g* No. A 98 374 845 (Immigr. Ct. Hartford Nov. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao*, 482 F.3d at 126. Here, because the BIA assumed Myrthil's credibility for the purposes of its analysis, we do the same. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005).

With respect to Myrthil's application for asylum and withholding of removal, we find that substantial evidence supported the agency's decision to deny relief because she failed to demonstrate a nexus between the persecution she suffered, and continues to fear, and her membership in a particular social group. Contrary to Myrthil's argument, the record indicates that her alleged persecutors targeted her for the purpose of locating her brother.[1]

The persecutors' knowledge of her familial relationship with her brother does not support her theory that they targeted her *primarily* in an effort to punish her for being a member of his family. *Koudriachova v. Gonzales*, 490 F.3d 255, 261 (2d Cir.2007) (requiring that an "applicant's status as a member of a particular social group—and not some other factor—must be the central reason why that individual is targeted for persecution" (citing *Matter of Fuentes*, 19 I. & N. Dec. 658, 662 (B.I.A. 1988))). Further, it was reasonable for the BIA to deny her application for asylum and withholding of removal where her alleged persecution did not "derive[ ] primarily from [her] ... status as a member of that particular social group" but, rather, "derives primarily from some other factor"; i.e., her knowledge of her brother Patrick's whereabouts. *Id.* at 262. Although Myrthil argues that it is impossible to separate the alleged persecutors' motivation to locate her brother from their motivation to seek out his family members, there was sufficient record evidence that their pursuit of Patrick was the "central reason" motivating her alleged persecutors. *See id.* at 261–62. Accordingly, because Myrthil failed to demonstrate error in the BIA's conclusion that the harm she purportedly suffered and continues to fear bears no nexus to her membership in a particular social group, we find that substantial evidence supports the denial of her application for relief. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007); *Koudriachova*, 490 F.3d at 261–62. As the aforementioned finding is dispositive, it is unnecessary to consider any of Myrthil's remaining arguments. Myrthil has waived any argument that her claim bears a nexus to an imputed political

1. We assume for purposes of our analysis that Myrthil's family constituted a valid social group. *See Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir.2007).

opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

With respect to the agency's denial of her CAT claim, Myrthil argues that the BIA erred in failing to consider her argument that "private individuals ... would torture her and that the Haitian government would breach its duty to prevent these private acts." Contrary to Myrthil's argument, the BIA specifically held that she failed to establish that she would be tortured in Haiti "with the consent or acquiescence of a public official." Myrthil fails to present a persuasive argument that the BIA's finding in this respect was in error. Thus, substantial evidence supports the BIA's denial of her application for CAT relief. *See* 8 C.F.R. §§ 1208.16(c), 1208.17, 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).